UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS C. ZAHM, P.A.,

    Plaintiff,

v.                                                     Case No: 8:15-cv-765-T-30TBM

ONEWEST BANK, N.A.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant OneWest Bank, N.A.'s Motion to Dismiss Complaint, or, in the Alternative, to Stay Action and Compel Arbitration (Dkt. #10) and Plaintiff's Response in Opposition to the Motion (Dkt. #11). Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part.

### *Background*

Plaintiff, Douglas C. Zham, P.A. ("Zham") sues OneWest Bank, N.A. ("OneWest") for breach of contract. Zham entered into a Local Counsel Engagement Letter (the "Agreement") with OneWest to provide legal services. Zham filed this complaint in state court alleging that OneWest breached the Agreement by refusing to pay outstanding fees and costs to which it is entitled. OneWest removed the case to this Court and filed this Motion requesting dismissal based on the arbitration provision in the Agreement.

*Discussion*

## I. Legal Standard

It is well established that federal law strongly favors the arbitration of disputes and requires that federal courts rigorously enforce arbitration agreements. *See United States Fid. & Guar. Co. v. West Point Constr. Co., Inc.*, 837 F.2d 1507, 1508 (11th Cir. 1988). "[A]rbitration is a matter of contract [and] the [Federal Arbitration Act's] strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (internal citations omitted).

There are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived. *Cuningham Hamilton Quiter, P.A.*, 776 So. 2d 940, 942 (Fla. 3d DCA 2000).

## II. The Arbitration Agreement

Pursuant to the Agreement, OneWest hired Zham to provide legal services in support of OneWest's loan servicing operations. The Agreement provides that Zham will perform legal services on behalf of OneWest in exchange for payment. Section 30 of the Agreement—which is attached as Exhibit "A" to the Complaint—states as follows:

> **ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE BREACH OF THIS AGREEMENT, SHALL BE SETTLED BY ARBITRATION IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION. A JUDGMENT OF A COURT HAVING JURISDICTION MAY BE ENTERED UPON THE ARBITRATOR'S AWARD. YOU ARE GIVING UP ANY RIGHTS**

**YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.**

Zham does not dispute that a valid agreement to arbitrate exists or that the issue presented in this case is arbitrable. It merely argues that it is for the Court to decide whether OneWest waived it's the right to compel arbitration by removing the case to federal court prior to moving to dismiss and compel arbitration. Zham does not cite to any authority or argue specific facts to support this proposition.  Zham requests that the Court stay the matter rather than dismiss it.

Courts must address the question of arbitrability "with a healthy regard for the federal policy favoring arbitration." *In re Checking Account Overdraft Litig*., 754 F.3d 1290, 1294 (11th Cir. 2014). "Waiver occurs when both: (1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party." *Id*. (internal quotation marks omitted). "Because federal policy strongly favors arbitration, the party who argues waiver 'bears a heavy burden of proof' under this two-part test." *Krinsk v. SunTrust Banks, Inc*., 654 F.3d 1194, 1200 n. 17 (11th Cir. 2011) (citations omitted).

In this case, OneWest removed the case to federal court within twenty days of its filing, and filed this Motion approximately twenty-three days later. In between, OneWest filed the following pleadings: a Motion for Extension of Time to File an Answer, a

3

Corporate Disclosure Statement, and a Notice of Pendency of Related Cases. Zham filed a Corporate Disclosure Statement and its Response in Opposition to this Motion.

The Court concludes that Zham has not met its burden to demonstrate that OneWest substantially participated in this litigation, or that it was prejudiced by the limited participation in a way sufficient to create waiver. *See Lorusso v. Sun Holdings, LLC*, 8:14-CV-00822-EAK, 2015 WL 628793, at *3 (M.D. Fla. Feb. 12, 2015) (compelling arbitration where defendants filed a case management report, an answer, corporate disclosures, a motion to substitute counsel and allowed for various extensions to the case management report prior to moving to compel arbitration). *See also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) (holding that removing party did not waive its right to arbitration where it removed matter to federal court and sought to dismiss case based on arbitration clause).

*Conclusion*

Upon review of the Agreement, the Court concludes that the parties entered into a valid agreement to arbitrate. Moreover, an arbitral issue clearly exists, and OneWest has not waived its arbitration rights.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant OneWest Bank, N.A.'s Motion to Dismiss Complaint, or, in the Alternative, to Stay Action and Compel Arbitration (Dkt. #10) is GRANTED.

2. The parties are directed to proceed to arbitration in accordance with the Agreement.

3. This case is stayed pending arbitration, all pending motions are denied as moot, and the Clerk of Court is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of May, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2015\15-cv-765 arbitration.docx